**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

|  |  |
|---|---|
| GILDA HAGAN-BROWN,<br><br>        Plaintiff,<br><br>vs.<br><br>ELI LILLY AND COMPANY, an Indiana corporation,<br><br>        Defendant. | 1:14-cv-01614-AJT-JFA |

## PROPOSED DISCOVERY PLAN

Plaintiff Gilda Hagan-Brown ("Hagan-Brown") and Defendant Eli Lilly and Company ("Lilly"), by and through their undersigned attorneys, submit this Proposed Discovery Plan in accordance with the Court's January 6, 2015 order. Pursuant to Fed. R. Civ. P. 26(f), counsel for Hagan-Brown and Lilly conferred by telephone on January 14, 2015.

## I.    INITIAL DISCLOSURES

Lilly will serve its initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before January 22, 2015. Hagan-Brown will serve her initial disclosures on or before February 9, 2015.

## II.    PROTECTIVE ORDER

The parties agree that they shall submit a stipulated Protective Order to the Court on or before February 9, 2015, or should they fail to agree by that date, they shall file appropriate motions for entry of a Protective Order.

## III.  FACT DISCOVERY

**A.  Subjects on Which Discovery May Be Needed.**  Discovery will be conducted on the allegations in the Complaint and the defenses in the Answer, including discovery on the Plaintiff's claimed injuries, medical conditions, and alleged damages, Defendant's liability, and general and case-specific causation.

**B.  Timing of Fact Discovery.**

This case is one of over forty lawsuits filed throughout the United States alleging personal injuries caused by the discontinuation of the prescription medication Cymbalta.[1]  With respect to lawsuits not pending in this Court, counsel for Hagan-Brown and Lilly have agreed to attempt to coordinate these lawsuits by putting those cases on a substantially similar discovery track.  Given the Court's entry of a discovery deadline of May 15, 2015 in the instant case (Dkt. # 6), the parties offer their respective positions on the timing of discovery in the instant matter.

*Plaintiff's Position.*  Plaintiff proposes that fact discovery shall be completed by January 7, 2016 and expert discovery by May 6, 2016, pursuant to the global agreement to coordinate discovery for all related cases.  As a general matter, the longer discovery period is intended to allow for coordinated case work-up across the litigation.  The large number of plaintiffs and related actions suggests that it would be challenging for both sides to obtain complete medical records and then arrange the requisite number of depositions within the short timeframe contemplated by this Court's scheduling order.  Plaintiff understands that this pushes the deadlines forward and takes the parties  outside of the Court's standard case schedule, but Plaintiff submits that the complexity of these matters warrants the delay, which will neither prejudice the Parties or the administration of justice.  Plaintiff will, of course, defer to the Court's guidance and decision.

*Defendant's Position.*  While Lilly believes that the schedule proposed by plaintiffs is appropriate and suitable to allow coordinated discovery across the various actions pending in other districts, Lilly appreciates that the general practices in this Court do not align with such a

---

[1] A list of related cases is attached as Exhibit A.

schedule, and thus Lilly will be prepared to work under the scheduled set forth by the Court in its January 6, 2015 order should the court decline to adopt plaintiffs' proposal.

## IV.    EXPERT DISCLOSURES

*Plaintiff's Position.*

A.    Plaintiffs' expert witnesses will be identified through their reports on February 8, 2016.

B.    Defendant's expert witnesses will be identified through their reports on March 9, 2016.

C.    Plaintiff's rebuttal reports, if any, shall be served by March 30, 2016.

D.    Expert depositions will take place between March 31 and May 6, 2016.

*Defendant's Position.*

As noted in Section III.B, if the Court approves of the extended discovery period proposed by Plaintiffs, Lilly is agreeable to proceeding with plaintiff's proposed expert schedule outlined above. Should the Court decline to accept an extended discovery period, Lilly proposes the following alternative expert disclosure schedule:

A.    Parties shall simultaneously exchange expert reports by April 10, 2015.

B.    Parties' rebuttal/reply reports, if any, shall be served by April 24, 2015.

## V.    SERVICE OF PLEADINGS, MOTIONS, OTHER PAPERS, AND DISCOVERY REQUESTS AND RESPONSES

The parties agree that all pleadings, motions, and other papers that are filed are to be served on the other party electronically as provided by the Federal Rules and Local Rules. In addition, the parties agree to serve by e-mail all discovery requests and written responses and other papers that are not electronically filed.

## VI.    ELECTRONICALLY STORED INFORMATION

The parties agree to work in good faith to coordinate the form and manner of production of electronically stored information.

## VII.    MODIFICATION

A.  The parties agree that a party's agreement to the deadlines and limitations stated in this plan is without prejudice to its right to seek modification of the plan and pretrial schedule pursuant to Rules 16 and 26 of the Federal Rules of Civil Procedure and the Local Rules of this Court.

B.  Other than as specified herein, the parties contemplate no changes which should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, and any applicable Orders of this Court.

## VIII.    PRETRIAL CONFERENCE

*Plaintiff's Position.*  Plaintiff proposes that a final pretrial conference be held on May 26, 2016 pursuant to the global discovery plan.  Otherwise, Plaintiff will comply with the Court-ordered date of May 21, 2015.

*Defendant's Position.*  As noted in Section III.B, if the Court approves of the extended discovery period proposed by Plaintiffs, Lilly is agreeable to proceeding with plaintiff's proposed final pretrial conference setting of May 26, 2016.  Should the Court decline to accept an extended discovery period, Lilly proposes that the parties proceed with a final pretrial conference on May 21, 2015, as ordered by this Court.

## IX.    TRIAL

A.  The parties do not wish for a trial in this action to proceed before a magistrate judge.

B.  A jury trial has been demanded.

## X.  OTHER ISSUES

*Plaintiff's Position.*  Plaintiff is presently considering other options for consolidating the forty Cymbalta withdrawal lawsuits into a single forum so as to avoid duplication of judicial resources.  To that effect, Plaintiff may be filing a motion to change venue for this case (and simultaneously in nearly all other forty cases) under 21 U.S.C. § 1404(a) to the Southern District of Indiana, the headquarters of Lilly.  Plaintiff raises this topic as part of this report since it is possible that Plaintiff will file such a motion by time this scheduling conference occurs.

*Defendant's Position.*  Plaintiff did not raise its consolidation proposal at the parties' Rule 26(f) conference, so the parties have not had an opportunity to confer as to Plaintiff's proposal.  In the event that Plaintiff files such a motion, Defendant will respond accordingly.

DATED this 21st day of January 2015.

By: */s/* Jeffrey T. Bozman⎯⎯⎯⎯
   Jeffrey T. Bozman (83679)
   Michael X. Imbroscio (*pro hac vice*)
   Phyllis A. Jones (*pro hac vice*)
   Brett C. Reynolds (*pro hac vice*)
   COVINGTON & BURLING LLP
   One CityCenter
   850 Tenth Street, NW
   Washington, DC 20001
   Telephone:  (202) 662-5335
   Facsimile:  (202) 778-5335
   jbozman@cov.com
   mimbroscio@cov.com
   pajones@cov.com
   breynolds@cov.com

   Attorneys for Defendant
   Eli Lilly and Company

   */s/*  Peter A. Miller⎯⎯⎯⎯
   Peter A. Miller
   Brielle Marie Hunt
   Miller Legal LLC

175 S. Pantops Drive, Third Floor
Charlottesville, VA 22911
Telephone (434) 529-6909
Facsimile: (888) 830-1488
PMiller@MillerLegalLLC.com
bhunt@millerlegalllc.com

R. Brent Wisner, Esq. (*pro hac vice*)
BAUM, HEDLUND, ARISTEI &
GOLDMAN, P.C.
12100 Wilshire Blvd., Suite 950
Los Angeles, CA 90025
Tel: (310) 207-3233
Fax: (310) 820-7444
Email: rbwisner@baumhedlundlaw.com

Attorneys for Plaintiff
Gilda Hagan-Brown

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of January, 2015, I will electronically file the

foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification

of such filing (NEF) to the following:


Peter A. Miller
Brielle Marie Hunt
Miller Legal LLC
175 S. Pantops Drive, Third Floor
Charlottesville, VA 22911
Tel: (434) 529-6909
Fax: (888) 830-1488
Email: PMiller@MillerLegalLLC.com
bhunt@millerlegalllc.com

R. Brent Wisner, Esq. (*pro hac vice*)
BAUM, HEDLUND, ARISTEI & GOLDMAN, P.C.
12100 Wilshire Blvd., Suite 950
Los Angeles, CA 90025
Tel: (310) 207-3233
Fax: (310) 820-7444
Email: rbwisner@baumhedlundlaw.com

*Counsel for Gilda Hagan-Brown*

/s/
Jeffrey Todd Bozman (VA 83679)
Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Tel: (202) 662-5829
Fax: (202) 778-5829
jbozman@cov.com
*Counsel for Eli Lilly and Company*
