

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

GILDA HAGAN-BROWN,                    )
                                      )
            Plaintiff,                )
                                      )
      v.                              )      Civil Action No. 1:14cv1614 (AJT/JFA)
                                      )
ELI LILLY AND COMPANY,                )
                                      )
            Defendant.                )
                                      )

## RULE 16(B) SCHEDULING ORDER

Upon consideration of the representations made by the parties in their Proposed

Discovery Plan (Docket no. 18) ("Joint Discovery Plan") and at the initial pretrial conference

held on Wednesday, January 28, 2015, and taking note of the Scheduling Order entered in this

case (Docket no. 6), the court makes the following rulings:

1.      All discovery shall be concluded by May 15, 2015.

2.      The Joint Discovery Plan filed by the parties is approved in part and shall control

discovery to the extent of its application unless further modified by the court.

3.      Plaintiff shall complete Fed. R. Civ. P. 26(a)(1) disclosures by February 9, 2015.

4.      Expert disclosures shall be governed by the schedule proposed by the defendant in

paragraph IV of the Joint Discovery Plan.  To the extent the parties wish to modify these

deadlines, they must seek leave of court.

5.      If counsel believe that a settlement conference with the court would be of

assistance in resolving this dispute, they may arrange a settlement conference by contacting the

undersigned magistrate judge's chambers.

6.      To the extent they have not already done so, counsel shall inform their clients of their obligations regarding the preservation of discoverable information.

7.      In addition to the agreement in paragraph V of the Joint Discovery Plan, counsel have agreed to waive the three days added to the period in which a party may or must act following electronic service as provided in Fed. R. Civ. P. 5(b)(2)(E) and 6(d) when a pleading is served through the court's electronic case filing system.

8.      To the extent any party intends to assert a claim of privilege or protection as to trial preparation material, any such claim must be made in a timely manner and in accordance with Fed. R. Civ. P. 26(b)(5).

9.      To the extent it becomes necessary, counsel may submit an agreed protective order concerning the disclosure of information between the parties in discovery, provided that such protective order does not provide for the prospective filing of documents under seal.

10.     The following provisions shall apply to the filing and noticing of all motions:

(a)     All motions must contain a statement that a good-faith effort to narrow the area of disagreement has been made in accordance with Local Civil Rule 7(E) and Local Civil Rule 37(E) for discovery motions. All motions must adhere to the page limits and font requirements set in Local Civil Rule 7(F)(3). An appropriate number of paper copies of any motion and all pleadings relating to that motion shall be **delivered directly to the chambers of the judge** within one day of the electronic filing. *See* "Civil and Criminal Motions Procedures and other Alexandria Specific Information" on the Alexandria page of the Court's website located at www.vaed.uscourts.gov.

(b)     All motions, except for summary judgment and consent motions, shall be noticed for a hearing on the earliest possible Friday before the final pretrial conference consistent with

the briefing schedules discussed below. A consent motion should be filed in accordance with the procedures provided on the Alexandria page of the Court's website referenced above. Any motion to amend the pleadings or to join a party must be made as soon as possible after counsel or the party becomes aware of the grounds for the motion.

(c)     Dispositive motions shall be filed and briefed in accordance with the schedule set forth in Local Civil Rule 7(F)(1) and (K). Local Civil Rule 7(F)(1) provides that a responsive brief is due 11 days after **service** of the motion and a rebuttal brief may be filed 3 days after the **service** of the opposition. Unless the parties have agreed to waive the additional time provided in Fed. R. Civ. P. 6(d) for acting after electronic service, a notice of hearing for a dispositive motion must allow at least 21 days in order to allow the briefing to be completed prior to the hearing. Any dispositive motion against a *pro se* party must contain the notice set forth in Local Civil Rule 7(K) and provide the *pro se* party with at least 21 days to file a response opposing the motion.

(d)     In order to provide for the prompt resolution of non-dispositive matters, a non-dispositive motion may be **filed and served** by no later than 5:00 p.m. on a Friday and noticed for a hearing at 10:00 a.m. on the following Friday. Under this expedited schedule, a response must be **filed and served** by no later than 5:00 p.m. the Wednesday before the hearing and any reply should be **filed and served** as early as possible on Thursday to give the Court time to review all pleadings before the hearing. At the moving party's discretion, a non-dispositive motion may also be filed and noticed for a hearing in accordance with the briefing schedule provided in Local Civil Rule 7(F)(1) discussed above in order to provide additional time for briefing and consideration by the Court.

(e)     All summary judgment issues shall be presented in the same pleading unless leave

of court is first obtained. As required by Local Civil Rule 56, each brief in support of a motion

for summary judgment must include a separately captioned section within the brief listing, in

numbered-paragraph form, each material fact that the movant contends is undisputed with

appropriate citations to the record. A brief in opposition to a motion for summary judgment

must include a separately captioned section within the brief addressing, in numbered-paragraph

form corresponding to the movant's section, each of the movant's enumerated facts and

indicating whether the non-movant admits or disputes the fact with appropriate citations to the

record. The Court may assume that any fact identified by the movant as undisputed in the

movant's brief that is not specifically controverted in the non-movant's brief in the manner set

forth above is admitted for the purpose of deciding the motion for summary judgment.

(f)     Any motion to file a document under seal, including a motion for entry of a

protective order containing provisions for filing documents under seal, must comply with Local

Civil Rule 5 and must be noticed for a hearing in open court. The motion must state sufficient

facts supporting the action sought, and each proposed order must include specific findings.

Where a party moves to file material under seal because the opposing party has designated that

material as confidential, the opposing party must file a response to the motion and a proposed

order that meet the requirements of Local Civil Rule 5. Only the particular material found to

meet the required standard may be sealed, with the remainder filed in the public record. An

unsealed, redacted version of the filing in issue shall be filed with the motion to seal. Filings

under seal are disfavored and discouraged. *See Va. Dep't of State Police v. Washington Post*,

386 F.3d 567, 575–76 (4th Cir. 2004).

11.     Disclosures under Fed. R. Civ. P. 26(a)(1) and (2), notices of depositions,

interrogatories, requests for documents and admissions, and answers thereto shall not be filed

except on order of the court, or for use in a motion or at trial.

12.     In the event this case is tried before a jury, each party shall file their proposed jury

instructions and voir dire five (5) business days prior to trial in accordance with Local Civil Rule

51. Violation of this Rule will constitute a waiver of objections to any instructions given.  In the

event the case is tried without a jury, counsel shall file written proposed findings of fact and

conclusions of law prior to the beginning of trial.

Entered this 28th day of January, 2015.

_____/s/_____
John F. Anderson
United States Magistrate Judge
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia