Jeffrey T. Bozman
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Telephone: (202) 662-5829
Facsimile: (202) 778-5829
jbozman@cov.com
Attorney for Defendant
**Eli Lilly and Company**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| GILDA HAGAN-BROWN, <br><br> Plaintiff, <br><br> vs. <br><br> ELI LILLY AND COMPANY, an Indiana corporation, <br><br> Defendant. | 1:14-cv-01614-AJT-JFA |

**DECLARATION OF PHYLLIS A. JONES IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO TRANSFER PROCEEDINGS TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA PURSUANT TO 28 U.S.C. § 1404(a)**

I, Phyllis A. Jones, declare as follows pursuant to 28 U.S.C. § 1746:

1. I am an attorney at the law firm of Covington & Burling LLP, counsel for Defendant Eli Lilly and Company ("Lilly"). I am a member in good standing of the bars of the State of Texas and the District of Columbia, and I have been admitted to practice *pro hac vice* in the above-captioned matter. I have personal knowledge of the facts set forth in this Declaration, which I make to place before the Court documents and information relevant to its determination of

Lilly's Opposition to Plaintiff's Motion to Transfer Proceedings to the United States District Court for the Southern District of Indiana Pursuant to 28 U.S.C. § 1404(a).

2.  Attached as <u>Exhibit 1</u> hereto is a true and correct copy of the August 2012 physician package insert (or "label") approved by the FDA to accompany Cymbalta, an antidepressant medication produced by Lilly.

3.  Attached as <u>Exhibit 2</u> hereto is a true and correct copy of David. G. Perahia, et. al., *Symptoms following abrupt discontinuation of duloxetine treatment in patients with major depressive disorder*, an article published in the Journal of Affective Disorders in 2005.

4.  I and others working at my direction reviewed the filings in this litigation to date and determined that 16 cases were served in the two days prior to the denial of MDL centralization and 16 additional cases were served following the denial of centralization. In addition, in these cases, Lilly served responsive pleadings on a schedule agreed upon by the parties; and the parties proceeded with preliminary discovery activities. Scheduling orders have now issued in 9 cases.

5.  Lilly has produced 2,791,418 pages of documents across the litigation.

6.  Attached as <u>Exhibit 3</u> hereto is a true and correct copy of Lilly's letter to Plaintiff regarding Cymbalta DEAE Litigation - Proposal for Coordination, dated January 13, 2015.

7.  Attached as <u>Exhibit 4</u> hereto is a true and correct copy of Lilly's letter to Plaintiff regarding Cymbalta DEAE Litigation - Coordination Matters, dated January 27, 2015.

8.  Attached as <u>Exhibit 5</u> hereto is a true and correct copy of an Email from Brent Wisner to Lilly's counsel, dated February 16, 2015.

9.  Attached as <u>Exhibit 6</u> hereto is a true and correct copy of Plaintiff's letter to Lilly, dated January 7, 2015.

10. Attached as <u>Exhibit 7</u> hereto is a true and correct copy of Lilly's letter to Plaintiff regarding Cymbalta DEAE Litigation - January 7 Tolling Proposal, dated January 13, 2015.

11. Attached as <u>Exhibit 8</u> hereto is a true and correct copy of Plaintiff's Initial Disclosures, served on February 9, 2015.

12. Attached as <u>Exhibit 9</u> hereto is a true and correct copy of Plaintiff's Response to Defendant's First Set of Interrogatories, served on February 11, 2015.

13. Attached as <u>Exhibit 10</u> hereto is a true and correct copy of Lilly's First Set of Interrogatories, pursuant to Fed. R. Civ. P. 33, and First Set of Requests for Production of Documents, pursuant to Fed. R. Civ. P. 34, served on January 9, 2015.

14. Attached as <u>Exhibit 11</u> hereto is a true and correct copy of Plaintiff's Objections to Lilly's First Set of Requests for Production of Documents, pursuant to Fed. R. Civ. P. 34, and First Set of Interrogatories, pursuant to Fed. R. Civ. P. 33, served on January 26, 2015.

15. Attached as <u>Exhibit 12</u> hereto is a true and correct copy of Plaintiff's Responses to Lilly's First Set of Requests for Production of Documents, pursuant to Fed. R. Civ. P. 34, and First Set of Interrogatories, pursuant to Fed. R. Civ. P. 33, served on February 11, 2015.

16. Attached as <u>Exhibit 13</u> hereto is a true and correct copy of the Lilly's deposition notices for the depositions of the healthcare professionals identified in Plaintiff's initial disclosures, served on February 23, 2015.

17. Attached as <u>Exhibit 14</u> hereto is a true and correct copy of Plaintiff's First Set of Requests for Production of Documents, pursuant to Fed. R. Civ. P. 34, First Set of Interrogatories, pursuant to Fed. R. Civ. P. 33, and First Set of Requests for Admission, served on February 4, 2015, and Lilly's Objections, served on February 23, 2015.

18.     Attached as <u>Exhibit 15</u> hereto is a true and correct copy of Plaintiff's medical authorizations.

19.     Attached as <u>Exhibit 16</u> hereto is a true and correct copy of Lilly's Initial Disclosures, served on January 22, 2015.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and believe.

Executed on February 25, 2015 in Washington, D.C.

4