**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| GILDA HAGAN-BROWN<br><br>Plaintiff,<br><br>v.<br><br>ELI LILLY AND COMPANY, an Indiana corporation,<br><br>Defendant. | CASE NO.: 1:14-CV-01614 |
| JANINE ALI<br><br>Plaintiff,<br><br>v.<br><br>ELI LILLY AND COMPANY, an Indiana corporation,<br><br>Defendant. | CASE NO.: 1:14-CV-01615 |

**JOINT MEMORANDUM IN SUPPORT OF**

**MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY**

Plaintiffs Janine Ali and Gilda Hagan-Brown (collectively "Plaintiffs") and Defendant Eli Lilly and Company ("Lilly") hereby jointly move for a limited, two-week extension of the discovery period in the above-captioned cases, through and including May 29, 2015. Pursuant to Local Civil Rule 16, the parties submit that this modest extension is warranted for the following reasons:

1.  The current discovery period is scheduled to close on May 15, 2015. *See* Rule 16 Scheduling Order, *Ali* ECF No. 12, *Hagan-Brown* ECF No. 20.

2. As this Court recognized on the record at a recent hearing, the parties have been diligent in pursuing discovery. *See* Declaration of Brett Reynolds ("Reynolds Decl.") Ex. 1 at 50-51. Both sides have pursued multiple depositions, timely issued and responded to interrogatories and requests for production of documents, and have engaged in third-party discovery of Plaintiffs' medical records. *See id.* at ¶¶ 3-5.

3. By the end of this week, the parties will have taken seven fact witness depositions. The parties have scheduled or are working to schedule several additional fact witness depositions between May 4, 2015 and May 15, 2015, including the deposition of a Lilly employee located in the United Kingdom. *Id.* at ¶ 4.

4. In addition to making available documents constituting millions of pages that were previously produced to plaintiffs in related litigation in the Central District of California, Lilly has produced or is in the process of reviewing and producing documents sought in these cases associated with six separate current or former Lilly employees and anticipates that such productions could result in the production of up to approximately 100,000 pages of additional discovery to plaintiffs. *Id.* at ¶¶ 6-7. Additionally, pursuant to this Court's April 3, 2014 Order, Lilly is preparing a production of its IND/NDA submissions to FDA in Electronic Common Technical Documents ("eCTD") format, which is a complicated and time-consuming process that Lilly has never previously conducted. *Id.* at ¶ 8.

4. The parties also have engaged expert witnesses who are in the process of drafting reports and will sit for depositions. *Id.* at ¶ 9. In addition to the depositions already taken, fact witness depositions in these matters are currently scheduled for May 5, 6, 7, and 13, with a few additional witnesses still being scheduled. *Id.* The parties anticipate that their expert witnesses may review and rely upon these depositions in forming their opinions in these actions.

5. In addition to diligently pursuing discovery in this case, the parties also have been preparing for trial in related litigation in the Central District of California, *Herrera v. Eli Lilly & Co.*, No. 2:13-cv-02702-SVW-MAN, and *Hexum v. Eli Lilly & Co.*, No. 2:13-cv-02701-SVW-MAN. While a summary judgment motion is pending, the *Herrera* matter is set for trial on May 5, 2015, and until recently, the *Hexum* matter was set for trial on that same date as well.

6. Although the parties have and will continue to press forward with discovery in the two cases pending in this district while preparing for and conducting the California trial, some of the expert witnesses identified in the *Ali* and *Hagan-Brown* matters also are expected to be called as witnesses in the the California case, if it proceeds to trial, thereby limiting their availability for depositions in *Ali* and *Hagan-Brown*. *See* Reynolds Decl. ¶ 9.

7. Indeed, at a recent discovery hearing in these two matters, this Court specifically recognized that expert availability might necessitate an extension of discovery. *See* Reynolds Decl. Ex. 1 at 50-51 (noting that the parties might "need some additional time" to "take expert depositions or to do some reports for one reason or another").

8. Should the Court grant this extension of discovery, the parties submit that a corresponding extension of their exchange of expert reports is also appropriate. Currently, the parties, at their joint request, have been ordered to exchange expert reports simultaneously on April 30, 2015, with rebuttal reports to follow a week later, on May 7, 2015. *See Hagan-Brown* ECF No. 48; *Ali* ECF No. 53. A two-week extension of all discovery deadlines in these matters would correspondingly adjust those deadlines to May 14, 2015 for the simultaneous exchange of initial reports, with rebuttal reports on May 21, 2015, and expert depositions to follow before the close of discovery.

9. Plaintiffs served on Lilly a set of requests for production of documents on April 15, 2015, 30 days prior to the close of discovery. See Reynolds Decl. ¶ 10. The additional two weeks will allow the parties to work through the process of resolving any disputes related to those requests and complete any necessary production by the close of discovery. For this reason, among others, the Court previously recognized that a modest modification of the discovery schedule might be necessary. *See* Reynolds Decl. Ex. 1 at 49.

10. An extension of discovery through May 29, 2015 will not require re-setting the Final Pretrial Conference currently set for June 18, 2015, nor will it impact the ultimate trial date in these matters.

For these reasons, the parties respectfully request that the Court issue an Order extending the discovery period in this matter for fourteen (14) days, through and including May 29, 2015. The parties waive a hearing on this motion.

Dated April 29, 2015

| | |
|---|---|
| /s/ Peter A. Miller | /s/ Jeffrey Todd Bozman |
| Peter A. Miller (47822) | Jeffrey Todd Bozman (83679) |
| MILLER LEGAL LLC | Michael X. Imbroscio (*pro hac vice*) |
| 175 S. Pantops Drive, Third Floor | Phyllis A. Jones (*pro hac vice*) |
| Charlottesville, VA 22911 | Brett C. Reynolds (*pro hac vice*) |
| Tel:  (434) 529-6909 | COVINGTON & BURLING LLP |
| Fax:  (888) 830-1488 | One CityCenter |
| pmiller@millerlegalllc.com | 850 Tenth Street, N.W. |
| bhunt@millerlegalllc.com | Washington, DC 20001 |
| | Tel:  (202) 662-5335 |
| R. Brent Wisner, Esq. (*pro hac vice*) | Fax:  (202) 778-5335 |
| BAUM, HEDLUND, ARISTEI & GOLDMAN, P.C. | jbozman@cov.com |
| 12100 Wilshire Blvd., Suite 950 | |
| Los Angeles, CA 90025 | *Counsel for Defendant Eli Lilly & Company* |
| Tel:  (310) 207-3233 | |
| Fax:  (310) 820-7444 | |
| rbwisner@baumhedlundlaw.com | |
| | |
| *Counsel for Plaintiffs* | |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of April, 2015, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Peter A. Miller
Brielle Marie Hunt
MILLER LEGAL LLC
175 S. Pantops Drive, Third Floor
Charlottesville, VA 22911
Tel: (434) 529-6909
Fax: (888) 830-1488
pmiller@millerlegalllc.com
bhunt@millerlegalllc.com

R. Brent Wisner, Esq. (*pro hac vice*)
BAUM, HEDLUND, ARISTEI & GOLDMAN, P.C.
12100 Wilshire Blvd., Suite 950
Los Angeles, CA 90025
Tel: (310) 207-3233
Fax: (310) 820-7444
rbwisner@baumhedlundlaw.com

*Counsel for Plaintiffs*

Dated: April 29, 2015

By: _____/s/_____
Jeffrey T. Bozman (83679)
Covington & Burling LLP
One CityCenter
850 Tenth Street, N.W.
Washington, DC 20001
Tel: (202) 662-5829
Fax: (202) 778-5829
jbozman@cov.com
*Counsel for Eli Lilly and Company*