UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| GILDA HAGAN-BROWN<br><br>Plaintiff,<br><br>v.<br><br>ELI LILLY AND COMPANY, an Indiana corporation,<br><br>Defendant. | CASE NO.: 1:14-CV-01614 |
| JANINE ALI<br><br>Plaintiff,<br><br>v.<br><br>ELI LILLY AND COMPANY, an Indiana corporation,<br><br>Defendant. | CASE NO.: 1:14-CV-01615 |

**DECLARATION OF BRETT C. REYNOLDS IN SUPPORT OF JOINT MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY**

1. I, Brett Reynolds, declare as follows pursuant to 28 U.S.C. § 1746:

I am an attorney at the law firm of Covington & Burling LLP, counsel for Defendant Eli Lilly and Company ("Lilly"). I am a member in good standing of the bars of Illinois and the District of Columbia, and I am admitted *pro hac vice* in the above-captioned actions. I have personal knowledge of the facts set forth in this Declaration, which I make to place before the Court documents and information relevant to its determination of the parties' Joint Motion for Extension of Time to Complete Discovery.

2. Attached as Exhibit 1 hereto is a true and correct copy of excerpts of an April 16, 2015 hearing in the above-captioned actions before Magistrate Judge Anderson.

3. The parties in the above-captioned actions began serving and responding to discovery requests in early 2015. Specifically, Lilly served requests for production of documents and interrogatories on Plaintiffs on January 12, 2015, and Plaintiffs first served requests for production of documents, interrogatories, and requests for admission on Lilly on February 4, 2015.

4. The parties have also noticed and taken depositions. By May 1, 2015, the parties will have taken seven fact witness depositions in these actions (many of which apply to both matters), and the parties have scheduled or are currently working to schedule at least seven more fact witness depositions to occur between May 4, 2015 and May 15, 2015, including the deposition of a Lilly employee located in the United Kingdom.

5. Lilly has also engaged in extensive third-party discovery of Plaintiffs' medical providers, having subpoenaed at least fifteen medical providers (including physicians, hospitals, and pharmacies) in the two actions combined.

6. In addition to document discovery in this case, the parties have agreed that over 2.7 million pages of documents produced in two related cases pending in the Central District of California, *Herrera v. Eli Lilly & Co.*, No. 2:13-cv-02702-SVW-MAN, and *Hexum v. Eli Lilly & Co.*, No. 2:13-cv-02701-SVW-MAN, may be used in the *Ali* and *Hagan-Brown* litigations as if produced in discovery here.

7. In response to requests for production of documents served in *Ali* and *Hagan-Brown*, Lilly is currently in the process of reviewing and producing documents of six separate Lilly custodians identified by Plaintiffs. At least 20 attorney reviewers are currently working on various stages of that document review, which I and other counsel for Lilly estimate could result

in the production of approximately 100,000 additional pages of documents prior to the close of discovery in these cases.

8. Lilly is also in the process of producing its IND/NDA ("Investigational New Drug/New Drug Application") submissions to FDA in Electronic Common Technical Documents ("eCTD") format. (Those documents have already been produced in the *Hexum* and *Herrera* litigations in a different format.) Through various conversations with Lilly concerning the logistics of this production, I and other counsel for Lilly have learned that production of documents in eCTD format is a complicated and time-consuming process, and that Lilly has never previously conducted a production in this format. *See Ali* ECF No. 50 (order granting motion to compel production of documents in eCTD format).

9. Lilly expects to provide expert reports for two retained expert witnesses in *Ali* and *Hagan-Brown*, and based on correspondence regarding scheduling that I and other counsel for Lilly have had with Plaintiffs' counsel, I expect that Plaintiffs will depose both experts. Lilly's counsel have been informed by Plaintiffs' counsel that Plaintiffs intend to provide expert reports by one expert in these cases, and counsel for Lilly and Plaintiffs have already begun to correspond regarding scheduling his deposition. Plaintiffs' expert and one of Lilly's experts in these actions are expected to testify at trial in the *Herrera v. Eli Lilly and Co.* litigation pending in the Central District of California, which is currently set for trial on May 5, 2015. Those experts' trial testimony and related preparation will substantially limit their availability for depositions in *Ali* and *Hagan-Brown* prior to May 15, 2015.

10. On April 15, 2015, Plaintiffs served additional Requests for Production on Lilly.

-4-

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on April 29, 2015 in Washington, D.C.

_____
Brett C. Reynolds